1

2

3

4

5

6

7

8

9          **UNITED STATES DISTRICT COURT**

10          **CENTRAL DISTRICT OF CALIFORNIA**

11

12   RUBY GARCIA,                          Case No.  ED CV 17-01573-RAO

13              Plaintiff,

14      v.                                 **MEMORANDUM OPINION AND
                                           ORDER**
15   NANCY A. BERRYHILL, Deputy
     Commissioner of Operations of Social
16   Security,
                Defendant.
17

18

19   **I.    INTRODUCTION**

20          Plaintiff Ruby Garcia ("Plaintiff") challenges the Commissioner's denial of

21   her application for a period of disability, disability insurance benefits ("DIB"), and

22   supplemental security income ("SSI").  For the reasons stated below, the decision

23   of the Commissioner is AFFIRMED.

24   **II.   PROCEEDINGS BELOW**

25          On July 26, 2013, Plaintiff filed a Title II application for a period of

26   disability and DIB alleging disability beginning February 7, 2012.  (Administrative

27   Record ("AR") 56, 80.)  On August 1, 2013, Plaintiff also filed an application for

28   SSI.  (AR 68, 81.)  Her applications were denied initially on February 5, 2014, and

upon reconsideration on April 24, 2014. (AR 120, 123, 130.) On June 3, 2014, Plaintiff filed a written request for hearing, and a hearing was held on March 2, 2016. (AR 34, 137.) Represented by counsel, Plaintiff appeared and testified, along with an impartial vocational expert. (AR 36-55.) On April 1, 2016, the Administrative Law Judge ("ALJ") found that Plaintiff had not been under a disability, pursuant to the Social Security Act,[1] since February 7, 2012. (AR 28.) The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (AR 1.) Plaintiff filed this action on August 4, 2017. (Dkt. No. 1.)

The ALJ followed a five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act. *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995). At **step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 7, 2012, the alleged onset date ("AOD"). (AR 18.) At **step two**, the ALJ found that Plaintiff had the following severe combination of impairments: mild degenerative disc disease of the lumbar spine; mild degenerative joint disease of the left knee; and posttraumatic stress disorder. (*Id.*) At **step three**, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (AR 19.)

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to:

> [P]erform medium work . . . . Specifically, she can lift and/or carry 50 pounds occasionally and 25 pounds frequently; no limitations on sitting, standing or walking; no limitations on pushing or pulling, climbing, balancing, kneeling, crouching or crawling; she is able to do

---

[1] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A).

non-public simple repetitive tasks with only non-intense interaction with coworkers.

(AR 20.) At **step four**, the ALJ found that Plaintiff is unable to perform any past relevant work. (AR 26.) At **step five**, based on Plaintiff's RFC and the vocational expert's testimony, the ALJ found that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." (AR 27.) Accordingly, the ALJ determined that Plaintiff has not been under a disability from the AOD through the date of decision. (AR 28.)

## III.  STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. A court must affirm an ALJ's findings of fact if they are supported by substantial evidence and if the proper legal standards were applied. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotation marks omitted). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *see Robbins*, 466 F.3d at

882 ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). The Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)).

## IV.   DISCUSSION

Plaintiff raises a single issue for review: whether the ALJ properly considered the opinion of Plaintiff's examining psychiatrist when evaluating Plaintiff's ability to engage in the mental requirements of work. (*See* Joint Submission ("JS") 4, 7.) Plaintiff argues that substantial evidence does not support the ALJ's reasons for rejecting the opinion. (*See* JS 7, 9.) The Commissioner argues that the ALJ properly evaluated the examining psychiatrist's opinion. (*See* JS 8-9) For the reasons below, the Court affirms.

### A.   Applicable Legal Standards

Courts give varying degrees of deference to medical opinions based on the provider: (1) treating physicians who examine and treat; (2) examining physicians who examine, but do not treat; and (3) non-examining physicians who do not examine or treat. *Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009). Most often, the opinion of a treating physician is given greater weight than the opinion of a non-treating physician, and the opinion of an examining physician is given greater weight than the opinion of a non-examining physician. *See Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).

The ALJ must provide "clear and convincing" reasons to reject the ultimate conclusions of a treating or examining physician. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Lester*, 81 F.3d at 830-31. When a treating or examining physician's opinion is contradicted by another opinion, the ALJ may reject it only by providing specific and legitimate reasons supported by substantial evidence in

4

the record. *Orn*, 495 F.3d at 633; *Lester*, 81 F.3d at 830; *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). "An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting evidence, stating his interpretation thereof, and making findings.'" *Garrison*, 759 F.3d at 1012 (citation omitted).

**B.    Discussion**

In addition to the opinion provided by consultative examining psychiatrist Earbin Stanciell, M.D., the ALJ considered and assigned "significant weight" to the opinions of a medical examiner and the two state agency medical consultants who reviewed Plaintiff's applications. (AR 26.) Because these opinions conflict with Dr. Stanciell's opinion, the ALJ must provide specific and legitimate reasons supported by substantial evidence in order to reject the examining psychiatrist's opinion. *See Orn*, 495 F.3d at 633.

### 1.    Opinion of Earbin Stanciell, M.D.

Dr. Stanciell performed a complete psychiatric evaluation of Plaintiff in January 2014. (AR 362-66.) Plaintiff reported fear, paranoia, and an inability to go out alone at night. (AR 362.) Plaintiff also reported that she had previously received psychiatric treatment, but she was not taking any medications at that time. (AR 363.) Upon examination, Plaintiff's mood was tearful and anxious, her affect was appropriate and congruent with mood, and her thought process included paranoia focused on someone hurting her and hypervigilance. (AR 364.) The mental status examination's remaining findings were unremarkable. (*See* AR 24, 364.)

Dr. Stanciell diagnosed Plaintiff with posttraumatic stress disorder and opined that Plaintiff would have moderate difficulties in maintaining social functioning, moderate difficulties in her ability to perform work on a consistent basis without special or additional supervision, moderate limitations in accepting instructions from supervisors and interacting with coworkers and the public, and

moderate difficulties in her ability to handle the usual stresses, changes, and demands of employment. (AR 365.) Dr. Stanciell stated that if Plaintiff were to receive treatment, her limitations and abilities "would significantly improve." (*Id.*)

### 2. Discussion

The ALJ gave "less weight" to Dr. Stanciell's opinion, finding that the assessment "is overly restrictive given the minimal findings on the mental status examinations." (AR 26.) Because Dr. Stanciell's opinion regarding functional limitations was not consistent with his own observations upon examination, the ALJ properly rejected it. *See Valentine*, 574 F.3d at 692-93 (finding that an ALJ's rejection of a treating psychologist's opinion because it was contradicted by the doctor's own treatment reports was a specific and legitimate reason supported by substantial evidence).

The ALJ also observed that Plaintiff was not receiving psychiatric treatment at the time of her examination, but Dr. Stanciell noted that Plaintiff's mental condition would "significantly" improve with treatment. (AR 26.) Plaintiff asserts that after she received treatment, she did not improve. (JS 7.) Therefore, Plaintiff argues that substantial evidence does not support the ALJ's reliance on Dr. Stanciell's prediction of improvement with treatment. (*See* JS 7, 9.)

The ALJ observed that Plaintiff sought to reestablish psychiatric care in April 2014, and she complained of feeling anxious with fearful thoughts. (AR 24; *see* AR 438.) The ALJ characterized Plaintiff's initial mental status examination as "unremarkable," and Plaintiff received a diagnosis of bipolar I disorder, most recent episode, poor control. (AR 24; *see* AR 439.) In June 2014, Plaintiff reported a stable mood, decreased irritability, and anxious mood, but her examination was otherwise unremarkable. (AR 24; *see* AR 432-33.) In July 2014, Plaintiff's mood swings were stabilizing. (AR 24; *see* AR 435.) Plaintiff was assessed as having bipolar I disorder, most recent or current episode mixed, in partial or unspecified remission, improved. (AR 24; *see* AR 436.) In September 2014, Plaintiff

continued to see a therapist, and she was encouraged to pursue low-stress jobs. (AR 24; *see* AR 427.)  In October 2014, Plaintiff stated that her anxiety was worse. (AR 24; *see* AR 425.)  By January 2015, Plaintiff was doing "much better" with more tolerance and fewer mood swings.  (AR 24; *see* AR 423.)  In July 2015, Plaintiff reported feeling depressed since her father's recent death, and examination findings included a depressed and anxious mood, hallucinations, and delusions. (AR 24; *see* AR 419, 421.)  Plaintiff was diagnosed with bipolar disorder and posttraumatic stress disorder.  (AR 24; *see* AR 421.)   The ALJ observed that subsequent treatment notes documented conservative treatment consisting of medication management.  (AR 24; *see* AR 1077-81 (treatment received in August 2015 through January 2016).)

Plaintiff contends that the ALJ did not address Plaintiff's April 2014 diagnosis of bipolar disorder under poor control and her July 2015 diagnosis of bipolar disorder and posttraumatic stress disorder.  (JS 6-7.)  But as summarized above, the ALJ did expressly address these diagnoses.  (*See* AR 24.)  Moreover, the ALJ found that Plaintiff's posttraumatic stress disorder contributed to her severe combination of impairments.  (AR 18.)

Plaintiff also faults the ALJ for ignoring her severe sleep disturbance and moderate symptoms in 13 of 28 symptom categories in July 2015.  (JS 7; *see* AR 419.)  As the Commissioner observes (JS 8-9), these notes reflect only Plaintiff's discredited subjective allegations,[2] not objective test results or observations by a medical professional, and thus they need not be considered.  *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (an opinion that is based on a claimant's discredited subjective complaints may be rejected); *see also Khanishian*

_____

[2] Plaintiff does not challenge the ALJ's adverse credibility finding, and thus that issue is not before this Court.  *See Guith v. Berryhill*, No. 1:16-CV-00625 GSA, 2017 WL 4038105, at *8 (E.D. Cal. Sept. 13, 2017) ("Plaintiff has not contested the ALJ's credibility determination and therefore, he has waived that argument.") (citing *Carmickle*, 533 F.3d at 1161 n.2).

*v. Astrue*, 238 F. App'x 250, 253 (9th Cir. 2007) ("[S]ince the treating physicians' diagnoses of symptoms were based on the claimant's subjective complaints that were found not credible, and not on objective medical evidence, it was appropriate to discount the treating physicians' opinions.").

Although Plaintiff contends that she "continued to be symptomatic with significant disruption in function" with ongoing symptoms (JS 7), the ALJ's interpretation of the evidence is a rational one, and therefore it must be upheld. *See Ryan*, 528 F.3d at 1198; *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record, and if evidence exists to support more than one rational interpretation, we must defer to the Commissioner's decision." (citations omitted)).

In sum, the Court finds that the ALJ's reasons for discounting the opinion of Dr. Stanciell are supported by substantial evidence.

## V. CONCLUSION

IT IS ORDERED that Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: September 12, 2018

ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

## NOTICE

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**